UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| DENNIS SHAWN ROBERTS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 6:18-cv-196-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| DAVID MORVAC, *et al.*, | ) | **&** |
| | ) | **ORDER** |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Dennis Shawn Roberts is an individual confined at the Wayne County Detention Center in Monticello, Kentucky. Proceeding without an attorney, Mr. Roberts has filed an amended civil rights action pursuant to 42 U.S.C. § 1983. [R. 14.[1]]

By separate order, the Court has granted Mr. Roberts's motion to proceed without prepayment of the filing fee. [R. 17.] Thus, the Court must conduct a preliminary review of Roberts's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607–08 (6th Cir. 1997). A complaint is subject to dismissal as "frivolous" where "it lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

---

[1] In accordance with the Court's August 1, 2018 Order [R. 9], Roberts filed an amended complaint on September 6, 2018. [R. 14] As "[a]n amended complaint supersedes an earlier complaint for all purposes," *In re Refrigerant Compressors Antitrust Litigation*, 731 F.3d 586, 589 (6th Cir. 2013), Roberts' amended complaint supersedes his original complaint and is the operative pleading in this action.

**I**

The Court evaluates Mr. Roberts's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts his factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Even so, the principles requiring generous construction of *pro se* pleadings are not without limits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Roberts v. Lexington Fayette Urban County Government*, No. 07-cv-95-KSF, 2007 WL 1136743 (E.D. Ky. April 16, 2007). The Court is not required to create a claim for a plaintiff, nor to "conjure up unpled allegations." *Moorman v. Herrington*, No. CIV A 4:08-CV-P127-M, 2009 WL 2020669, at *1 (W.D. Ky. July 9, 2009)(citations omitted).

Mr. Roberts's complaint is somewhat unintelligible and alleges several unrelated claims against different officials, thus his allegations are difficult to parse. However, it appears that he seeks to assert: (1) claims against Defendants Deputy Bruce Gregory and Captain Tim Koger for denying Mr. Roberts access to a law book so that he could seek a change of venue in his state criminal case and (2) an excessive force claim against Defendants Deputy David Morvac and Jailer Harvey Shearer. [R. 14 at 3–4.] Roberts also names the City of Monticello Kentucky as a Defendant, although the basis for his claim against the City is unclear. *Id*. at 2.

Mr. Roberts seeks to bring these claims in this action pursuant to 42 U.S.C. § 1983. To establish a § 1983 claim, a plaintiff must show that he was deprived of a constitutional right **and** that the deprivation occurred at the hands of defendant who was a "state actor," or acted under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Searcy v. City of Dayton*, 38

F.3d 282, 286 (6th Cir. 1994). Thus, applying this standard, each of his claims will be examined in turn.

## A

Mr. Roberts's allegation that he was denied access to a law book is, in essence, a claim alleging that he was denied access to the courts. The right of access to the courts guaranteed by the First Amendment "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). However, the concern is "a right of access *to the courts*, not necessarily to a prison law library." *Walker v. Mintzes*, 771 F.2d 920, 932 (1985) (emphasis in original); *see also Lewis v. Casey*, 518 U.S. 343, 350 (1996) (noting that *Bounds* did not establish a right to a law library). Moreover, "[b]ecause *Bounds* did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Rather, to establish a claim that the jail has interfered with his right of access to the courts, a prisoner must show actual injury to a nonfrivolous claim. *Id*. at 353–55.

Mr. Roberts's complaint alleges that he repeatedly asked Deputy Gregory to let him see a law book so that he could file what he characterizes as a "habeas corpus on the Judge and Matthew Leveridge the prosecutor" seeking a change of venue in his criminal case because of personal conflicts between Mr. Roberts and Mr. Leveridge. *Id*. at 3. He alleges that Captain Koger also violated his right to access legal research materials. *Id*.

3

However, a review of the state court record shows that Mr. Roberts was represented by counsel throughout his state criminal proceedings in the Circuit Court of Wayne County, Kentucky. *Commonwealth v. Roberts*, Nos. 18-CR-0038, 18-CR-0039, 18-CR-0045-002 (Wayne Cir. Ct. 2018).[2] The United States Court of Appeals for the Sixth Circuit has held that, where counsel is appointed to represent the prisoner plaintiff in his criminal action pending against him, as a matter of law, the state has fulfilled its constitutional obligation to provide him with full access to the courts. *Holt v. Pitts*, 702 F.2d 639, 640 (6th Cir. 1983).

Moreover, to the extent that he suggests that he was harmed because he was unable to file a *pro se* motion for a change of venue, Mr. Roberts does not have a First Amendment right to meaningful access to the courts with respect to efforts to represent himself in his criminal case. By its terms, the right of access to the courts extends only to an inmate's direct criminal appeal, habeas corpus applications, and civil rights claims related to the conditions of confinement. *Lewis*, 518 U.S. at 354–55. It does not apply to a *pro se* defendant's efforts to represent himself at his criminal trial. *United States v. Smith*, 907 F. 2d 42, 44 (6th Cir. 1990) (rejecting contention that either the First or the Sixth Amendment require that a criminal defendant who waives his Sixth Amendment right to counsel is entitled to an adequate law library to satisfy his constitutional right of access to the courts); *Smith v. Hutchins*, 426 F. App'x 785, 788 (11th Cir. 2011) ("... a criminal defendant who seeks to proceed *pro se* has no right to access a law library to aid him in his own defense at trial where he has already been provided the option of legal counsel.") (collecting cases); *Degrate v. Godwin*, 84 F.3d 768, 769 (5th Cir.

---

[2]*See* https://kcoj.kycourts.net/CourtNet. The Court takes judicial notice of undisputed information contained on government websites, *Demis v. Sniezek*, 558 F. 3d 508, 513 n.2 (6th Cir. 2009), and may consider such information when determining whether a claim must be dismissed for failure to state a claim, *Lovelace v. Software Spectrum, Inc.*, 78 F. 3d 1015, 1017–18 (5th Cir. 1996).

1996) (affirming dismissal of a § 1983 suit by a prisoner because he "had no constitutional right to access a law library in preparing the *pro se* defense of his criminal trial.").

For these reasons, Mr. Roberts's denial of access to the courts claim will be dismissed without prejudice. As this is the only claim alleged against Deputy Gregory and Captain Koger, they will be dismissed as Defendants to this action.

**B**

Mr. Roberts also seeks to bring a claim of excessive force based on allegations that he was beaten, tased, and maced by Defendant Deputy David Morvac. [R. 14 at 3.] The Court has reviewed these allegations and finds that they are sufficient to warrant a response from Defendant Morvac.

However, Mr. Roberts also seeks to bring this claim against Jailer Harvey Shearer "because he was informed and [did] nothing about his staff's actions." To the extent that he seeks to assert this claim against Jailer Shearer, the law is clear that a defendant is only liable for conduct in which he was directly and personally involved. *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (citing *Rizzo v. Goode*, 423 U.S. 362, 373-77 (1976)). The mere fact of supervisory capacity is not enough: *respondeat superior* is not an available theory of liability. *Polk County v. Dodson*, 454 U.S. 312, 325–26 (1981). Indeed, "[i]n a § 1983 suit or a Bivens action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). Because Mr. Roberts makes no allegation that Jailer Shearer had any personal involvement in the incident giving rise to his excessive force claim, his claim against Jailer Shearer will be dismissed without prejudice. As this is the only claim alleged against him, Jailer Shearer will be dismissed as a defendant from this action.

## C

Although Mr. Roberts's complaint identifies the City of Monticello, Kentucky as a defendant, the basis for his claim is unclear. Indeed, although he lists "City of Monticello, Ky" as a defendant in his form complaint, in the "Title or Position" line of the form immediately underneath, he identifies "Judge Vernon Miniard and Prosecutor Matthew Leveridge." [R. 14 at 2.] Thus, it is unclear whether Mr. Roberts intends to bring a claim against the City of Monticello or Wayne County Circuit Judge Vernon Miniard and Matthew Leveridge, the Commonwealth's Attorney for Wayne County, both of whom are Wayne County officials, not Monticello city officials. Regardless, to the extent that Mr. Roberts intends to assert a claim against the City of Monticello, he makes no allegation that any practices about which he complains are the product of a municipal policy or custom, and he therefore fails to state a claim for relief against the municipality. *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).

To the extent that Mr. Roberts seeks to assert claims against Judge Miniard and Mr. Leveridge, his claims appear to be based on allegations that he had personal conflicts with both Judge Miniard and Mr. Leveridge and, therefore, he should have been granted a change of venue in his criminal case. [R. 14 at 3.] However, to the extent that he alleges this claim against Judge Miniard, judges have long been entitled to absolute judicial immunity from tort claims arising out of their performance of functions integral to the judicial process. *Pierson v. Ray*, 386 U.S. 547, 553–55 (1967). Moreover, "judicial immunity is not overcome by allegations of bad faith or malice..." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Here, the judicial conduct alleged by

Jones falls squarely within Judge Miniard's role as a trial judge. *See Huffer v. Bogen*, 503 F. App'x 455, 459 (6th Cir. 2012)("[T]he factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.,* whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.,* whether they dealt with the judge in his judicial capacity.")(quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)). Thus, Judge Miniard is entitled to absolute judicial immunity against Mr. Roberts' claim.

Similarly, to the extent that Mr. Roberts suggests that Mr. Leveridge should have recused himself from prosecuting Mr. Roberts because of personal conflicts, his claim is barred by the absolute prosecutorial immunity enjoyed by prosecutors for their actions central to the judicial proceeding against defendants. *Imbler v. Pachtman*, 424 U.S. 409 (1976); *Van de Kamp v. Goldstein*, 555 U.S. 335, 342–46 (2009); *Adams v. Hanson*, 656 F. 3d 397, 401–03 (6th Cir. 2011).

For all of these reasons, Mr. Roberts fails to state a claim against either the City of Monticello, Judge Miniard and/or Mr. Leveridge. Accordingly, his claim against the City of Monticello, Kentucky will be dismissed and the City of Monticello, Kentucky will be dismissed as a defendant.

**D**

In addition, Mr. Roberts has filed two motions that are currently pending before the Court. His first motion for order [R. 18] seeks transportation from the facility where Mr. Roberts is currently being housed to his court dates in London, Kentucky. However, as no court dates are currently pending in this case, Mr. Roberts's request will be denied as premature.

In this motion, Mr. Roberts also requests that, upon receiving an attorney, he be given a phone number and address so that he can reach his assigned attorney. However, Mr. Roberts has

not requested counsel, nor is appointment of counsel automatic in federal civil rights case. Even if he had requested counsel, pursuant to 28 U.S.C. § 1915(e)(1), a federal court is authorized to appoint counsel to represent a *pro se* party in civil litigation, but only in truly exceptional circumstances. *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). When considering whether to grant such a request, the court considers the complexity of the case, the movant's likelihood of success on the merits of the claim, and the ability of the plaintiff to represent himself competently. *Cleary v. Mukaskey*, 307 F. App'x 963, 965 (6th Cir. 2009). In this case, the claims asserted by Mr. Roberts are not unduly complex and are potentially barred by the statute of limitations. In addition, Mr. Roberts has demonstrated an ability to represent himself thus far. Thus, the Court has considered the *Lanier* factors and concludes that this case does not present the kind of extraordinary circumstances which would warrant the appointment of counsel for the plaintiff.

Mr. Roberts also requests that the Court set up an account for a payment plan for payment of filing fees. However, the Court has already addressed his payment of filing fees in its order granting his motion for leave to proceed *in forma pauperis*. [R. 17.] Finally, Mr. Roberts requests that "the court do a writ to compel of all evidence that has been filed of defendant's and myself Dennis Shawn Roberts the plaintiff," as well as an amount for copies following the "writ to compel." It is unclear what he is referring to, as no evidence has been filed in the record thus far. Thus, Mr. Roberts's request will be denied.

Mr. Roberts's second motion for order [R. 19] requests that the Court take notice of other similar cases involving officials at the Wayne County Detention Center. However, he does not have standing to assert claims on behalf of other inmates. "Generally, 'a plaintiff must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of

8

third parties.'" *Crawford v. United States Dep't of Treasury,* 868 F.3d 438, 455 (6th Cir. 2017) (quoting *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999) (other citations omitted). Thus, Roberts may only pursue claims in this case made on his own behalf. To the extent he seeks relief in his second motion for order, such relief is denied.

### III

Accordingly, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff Dennis Shawn Roberts's claims against Defendants Tim Koger, Bruce Gregory, Harvey Shearer, and the City of Monticello, KY, are **DISMISSED WITHOUT PREJUDICE** and these Defendants are **DISMISSED AS PARTIES**. The only claim which may proceed in this litigation is Roberts' excessive force claim against Defendant David Morvac;

2. Plaintiff Dennis Shawn Roberts's motions for order [**R. 18; R. 19**] are **DENIED**;

3. The London Deputy Clerk **SHALL PREPARE** a "Service Packet" for service upon Defendant David Morvac. The Service Packet shall include:

   a. a completed summons form;

   b. the amended complaint [R. 14];

   c. the Order granting Roberts *in forma pauperis* status [R. 17];

   d. this Order; and

   e. a completed USM Form 285;

4. The London Deputy Clerk **SHALL SEND** the Service Packets to the USMS in Lexington, Kentucky and note the date of delivery in the docket;

5. The USMS **SHALL PERSONALLY SERVE** a Service Packet upon Defendant David Morvac at the Wayne County Detention Center, 217 Jim Hill Service Road, Monticello, Kentucky 42633;

6. Plaintiff Dennis Shawn Roberts **MUST** immediately advise the Clerk's Office of any change in his or her current mailing address. **Failure to do so may result in dismissal of this case**; and

7. If Plaintiff Dennis Shawn Roberts wishes to seek relief from the Court, he must do so by filing a formal motion sent to the Clerk's Office. Every motion Plaintiff Dennis Shawn Roberts files must include a written certification that he has mailed a copy of it to the Defendants or their counsel and state the date of mailing. **The Court will disregard letters sent to the judge's chambers or motions lacking a certificate of service.**

This 14th day of November, 2018.

Gregory F. Van Tatenhove
United States District Judge