UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| DENNIS SHAWN ROBERTS, ) | |
| ) | |
| Plaintiff, ) | Civil No.: 6:18-cv-00196-GFVT-HAI |
| ) | |
| V. ) | **MEMORANDUM OPINION** |
| ) | **&** |
| DAVID MORVAC, ) | **ORDER** |
| ) | |
| Defendant. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on a Recommended Disposition filed by United States Magistrate Judge Hanly A. Ingram. [R. 84.] The Plaintiff, Dennis Shawn Roberts, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 against Deputy Bruce Gregory, Captain Tim Koger, Deputy David Morvac, Jailer Harvey Shearer, and the City of Monticello. [R. 1.] This Court previously dismissed claims against all defendants except Deputy David Morvac. [R. 20.] Mr. Morvac filed a Motion for Summary Judgment. [R. 64.] On December 13, 2019, Judge Ingram reviewed this motion and recommended the Motion for Summary Judgment be granted, directing parties to file objections within fourteen days. [R. 84.] Mr. Roberts filed objections on January 2, 2020, postmarked December 31, 2019. [R. 86.]

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service to register any objections to the Recommended Disposition or else waive his rights to appeal. In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s]

problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007). A general objection that fails to identify specific factual or legal issues from the recommendation, however, is not permitted, since it duplicates the Magistrate's efforts and wastes judicial economy. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). When no objections are made, however, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a Magistrate's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

In his response to the Recommended Disposition, Mr. Morvac fails to raise specific objections to the Recommended Disposition. The Court acknowledges its duty to review Mr. Morvac's filings under a more lenient standard than the one applied to attorneys because he is proceeding pro se. *See Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985). Instead, Mr. Morvac merely summarizes his complaint, explains his lack of knowledge of the law, and asks the Court to ultimately hold a jury trial. [R. 86.] These objections are not sufficiently definite to trigger the Court's obligation to conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1)(c). Even so, the Court has examined the record and agrees with Judge Ingram's recommended disposition. For the following reasons, Mr. Morvac's objections [R. 86] will be **OVERRULED**, and Judge Ingram's Recommended Disposition [R. 84] will be **ADOPTED**.

**I**

Judge Ingram sets forth the factual and procedural background of the case in his initial Recommended Disposition. The Court mentions only key facts to frame its discussion and analysis, incorporating Judge Ingram's discussion of the record into this Order.

Plaintiff Dennis Shawn Roberts is an individual confined at the Wayne County Detention Center in Monticello, Kentucky. Proceeding without an attorney, Mr. Roberts has filed an amended civil rights action pursuant to 42 U.S.C. § 1983. [R. 14.[1]] Previously, this Court dismissed all of the Plaintiff's claims except for his claim of excessive force against Deputy David Morvac. [R. 20.] While Roberts was incarcerated at Wayne County Detention Center, Morvac was a deputy at the facility. [R. 14.] Mr. Roberts alleges he was beaten, tased, and maced by Defendant Deputy David Morvac after he was called into the hallway by him and two other correctional officers. [*Id.*] Roberts further states that he was dragged to the isolation cell where he was tased and maced again while still handcuffed. [*Id.*]

Morvac proceeded to file a motion for summary judgment on June 11, 2019 in order to dismiss all claims against him by Roberts. [R. 64.] Roberts filed a timely response in opposition to the motion on August 30, 2019. [R. 77.] Morvac then filed his reply to his motion on October 15, 2019. [R. 78.] Magistrate Judge Ingram considered the record and arguments set forth and issued a recommended disposition, that this Court now takes into consideration. [R. 84.]

## II

### A

First, Judge Ingram addressed whether Mr. Roberts brough his claims against Morvac in his official or individual capacity. [R. 84 at 3.] Mr. Roberts did not explicitly identify in his complaint whether he intended to sue the Defendant in his individual or official capacity. Therefore, in the absence of such statement, the Court must apply a "course of proceedings"

---

[1] In accordance with the Court's August 1, 2018 Order [R. 9], Roberts filed an amended complaint on September 6, 2018. [R. 14] As "[a]n amended complaint supersedes an earlier complaint for all purposes," *In re Refrigerant Compressors Antitrust Litigation*, 731 F.3d 586, 589 (6th Cir. 2013), Roberts' amended complaint supersedes his original complaint and is the operative pleading in this action.

analysis to determine if the Defendants received notice of his intent to hold them personally liable. *Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001). In applying this test, the Court considers:

> such factors as the nature of the plaintiff's claims, requests for compensatory or punitive damages, and the nature of any defenses raised in response to the complaint, particularly claims of qualified immunity, to determine whether the defendant had actual knowledge of the potential for individual liability. The test also considers whether subsequent pleadings put the defendant on notice of the capacity in which he or she is sued.

*Id.* at 722 n. 1.

Judge Ingram points out that Roberts does not refer to Morvac by his title in the caption, but he does in section two of the form complaint when he lists "Deputy" as Morvac's title and his place of employment as "Wayne Co [sic] Detention Center." [R. 84 at 4.] Roberts also refers to Morvac as both "David Morvac" and "deputy David Morvac," in the statement of facts. [*Id.*] A plaintiff's method of referring to the defendants is one factor in the course of proceedings test. *Thomas v. Noder-Love*, 621 F. App'x 825, 831 (6th Cir. 2015) (citing *Moore*, 272 F.3d at 772–73). Emphasis on the defendants' official positions, and naming them by those positions, can suggest the defendants were not aware they could be held individually liable, *see id.*; *Rodgers v. Banks*, 344 F.3d 587, 594 (6th Cir. 2003), while using the defendants' individual names and emphasizing individual acts can notice the defendant to the possibility of individual liability, *see Shepherd v. Wellman*, 313 F.3d 963, 968–69 (6th Cir. 2002); *Moore*, 272 F.3d at 773. Judge Ingram reasoned Mr. Roberts could still have intended to sue Morvac individually because the form includes a space for the officials' titles and it is not unusual for an inmate to only know or refer to the correctional officer's title or partial name. [R. 84 at 4.] He also notes that Roberts did not state any claim against the jail itself, but only named Morvac and other co-defendants that were previously dismissed. [*Id.*] Lastly, Roberts' complaint does not include a statement that Morvac was acting on behalf of the Wayne County Detention Center, and there

4

was no reference to an official department policy or custom that would protect him from personal liability. [*Id*. at 5.]

Next, Judge Ingram considers what Mr. Roberts seeks in relief according to the complaint. [*Id*.] Roberts requests that he be "compensated for the act of brute force against [him]" and for the mental and physical abuse of which [he] still ha[s] problems dealing with." [R. 14 at 3.] In the form complaint, Roberts request "legal help" and to "be rewarded in the amount I've asked for." [*Id*. at 8.] However, Roberts does not specify the amount of compensation he is requesting, and he doesn't state who he seeks compensation from. [R. 84 at 5.] Requests for money damages often signal individual liability, though this is also not dispositive. *Shepherd*, 313 F.3d at 969. Mr. Roberts did request monetary damages, but not directly from the jail. *See Sykes v. Sumner Cty. Jail*, 2012 U.S. Dist. LEXIS 110577 (M.D. Tenn. Aug. 6, 2012). Suits against county officials in their individual capacity could subject them to monetary damages. Therefore, while not dispositive on its own, Mr. Roberts request for monetary damages suggests the Defendant would be only individually liable since damages are not available in official capacity actions. *Moore*, 272 F.3d at 772 n.1.

Defendant raised a sovereign and qualified immunity defense in his summary judgment, which Judge Ingram considered as a factor in his application of the course of proceedings test. [R. 84 at 6.] Defendant would only raise the qualified immunity defense if he knew it was possible Mr. Roberts was claiming personal liability, exactly what the course of proceedings test is used to determine. *Moore*, 272 F.3d at 772. Further, *Moore* specifically notes that the defenses a defendant raises in response to the complaint, "particularly claims of qualified immunity," are to be analyzed in the course of proceedings test. *Id.* at 772 n. 1 (citing *Biggs v. Meadows*, 66 F.3d 56, 61 (4th Cir. 1995)). The Sixth Circuit has recognized

the assertion of qualified immunity as a factor suggested the Defendant was on notice of personal liability. *Id*.

Therefore, after reviewing all of these factors, the Court agrees with Judge Ingram that Morvac was on sufficient notice that Roberts brought his claims against Morvac in his individual capacity, but not his official capacity.

B

Next, Judge Ingram concludes that granting summary judgment as to Mr. Roberts' claim against Morvac is appropriate. [R. 84 at 9.] Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. "A genuine dispute exists on a material fact, and thus summary judgment is improper, if the evidence shows 'that a reasonable jury could return a verdict for the nonmoving party.'" *Olinger v. Corporation of the President of the Church*, 521 F. Supp. 2d 577, 582 (E.D. Ky. 2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). Stated otherwise, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

The moving party has the initial burden of demonstrating the basis for its motion and identifying those parts of the record that establish the absence of a genuine issue of material fact. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). The movant may satisfy its burden by showing "that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Once the movant has satisfied this burden, the non-moving party must go beyond the

pleadings and come forward with specific facts demonstrating the existence of a genuine issue for trial. Fed. R. Civ. P. 56; *Hall Holding*, 285 F.3d at 424 (citing *Celotex*, 477 U.S. at 324). Moreover, "the nonmoving party must do more than show there is some metaphysical doubt as to the material fact. It must present significant probative evidence in support of its opposition to the motion for summary judgment." *Hall Holding*, 285 F.3d at 424 (internal citations omitted). When applying the summary judgment standard, the Court must review the facts and draw all reasonable inferences in favor of the non-moving party. *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001) (citing *Anderson,* 477 U.S. at 255).

### 1

Robert claims Morvac used excessive force while he was a pre-trial detainee at the detention center, suggesting a violation of the Fourteenth Amendment. [R. 84 at 7.] Morvac defends against Roberts' claim by arguing he did not violate Roberts' constitutional rights, and therefore qualified immunity shields him from liability.

The Sixth Circuit has acknowledged that a claim of excessive force can be raised under the Fourth, Eighth, or Fourteenth Amendments. *Burgess v. Fischer*, 735 F.3d 462, 472 (6th Cir. 2013). The Fourth Amendment protects free citizens from excessive force in its prohibition against unreasonable seizures. *Id.* The Eighth Amendment protects convicted persons from excessive force in its prohibition against cruel and unusual punishment. *Id.* However, persons, such as Mr. Roberts, who are detained before trial are somewhere in the middle. *Id*. The *Burgess* Court recognized this and determined that the Fourteenth Amendment's Due Process Clause is applicable to prohibit excessive force against those citizens who are neither free nor convicted. *Id.* The Sixth Circuit has held that claims of excessive force on a pretrial detainee are to be litigated under the Fourteenth Amendment, not the Fourth

7

Amendment. *Id.*; *see also Kulpa for Estate of Kulpa v. Cantea*, 708 Fed. Appx. 846, 2017 U.S. App. LEXIS 17326, 2017 WL 3888000, at *3 (6th Cir. Sept. 6, 2017); *Lanman v. Hinson*, 529 F.3d 673, 68–081 (6th Cir. 2008); *Phelps v. Coy*, 286 F.3d 295, 300 (6th Cir. 2002).

Mr. Roberts was arrested on September 8, 2017 after he failed to appear for his arraignment in Wayne County District Court scheduled for September 5, 2017. [R. 84 at 8.] The altercation pertaining to this particular claim by Roberts occurred on September 12, 2017, before Robert's state case had been adjudicated. [*Id*.] Therefore, Roberts is considered a pretrial detainee for purposes of this motion and his excessive force claim is brought under the Fourteenth Amendment. [*Id*.]

Under the Fourteenth Amendment a pretrial detainee must show that prison officials purposely or knowingly used force against the individual that was objectively unreasonable." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). Some factors to determine the reasonableness of the force used include: "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the office; and whether the plaintiff was actively resisting." *Id*. at 2473. A Court must also consider whether the conduct would "shock the conscience" of a jury and violate "decencies of civilized conduct." *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 846, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998). "The substantive component of the Due Process Clause is violated by executive action only when it 'can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense.'" *Id.* at 847 (quoting *Collins v. Harker Heights*, 503 U.S. 115, 128, 112 S. Ct. 1061, 117 L. Ed. 2d 261 (1992)). Therefore, "the Court must analyze whether there is a genuine issue of material fact and, as to the defense of qualified

immunity, whether the facts, viewed in the light most favorable to Roberts, show a violation of a constitutional right." [R. 84 at 9.]

When invoked, "the doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009) (internal quotations omitted). In evaluating claims of qualified immunity, courts generally look at two factors. First, the court asks if the Defendant's "conduct violated a constitutional right" when the facts are "[t]aken in a light most favorable" to the Plaintiff. *Saucier v. Katz*, 533 U.S. 194, 201, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001). Second, the court asks whether the violated right at issue was "clearly established." *Id*. For a right to be clearly established, it is important that "state of the law at the time of the action . . . gave respondents fair warning that their alleged treatment of the plaintiff was unconstitutional." *Baynes v. Cleland*, 799 F.3d 600, 610 (6th Cir. 2015) (internal brackets omitted). Finally, once a defendant has raised the defense, "the burden shifts to the plaintiff, who must demonstrate both that the official violated a constitutional or statutory right, and that the right was so clearly established at the time of the alleged violation 'that every reasonable official would have understood that what he [was] doing violate[d] that right .'" *Thomas v. Plummer*, 489 F. App'x 116, 119 (6th Cir.2012).

**a**

The Court's review of the record, as well as an examination of Plaintiff's responsive filing, reveals that – even viewing all facts in the light most favorable to Plaintiff – summary judgment should be granted as a matter of law, both on the merits and pursuant to the defense of qualified immunity.

First, Judge Ingram determined that Mr. Roberts failed to address the substantive claims Morvac argued in his summary judgment motion and ultimately failed to provide the Court with any evidentiary material to support his claims against Morvac. [R. 84 at 10.] This Court agrees. Roberts has wholly failed to offer any evidence to counter Morvac's evidence or portrayal of the facts, leaving only what Plaintiff has alleged in the four corners of his Amended Complaint in support of his excessive force claim. Plaintiff has offered no evidence, either in the form of an affidavit, deposition, interrogatory, or other document, to contradict Defendant Morvac's attestation that the use of force was necessary to establish control and restrain Roberts as he became physical and actively resisted restraint. However, "even if Roberts' factual allegations were sworn and construed in a light most favorable to him as the non-moving party," summary judgment would still be affirmed since Roberts "failed to show that Morvac acted maliciously and sadistically rather than in a good faith effort to maintain or restore discipline." [*Id.*]

The video evidence produced by Morvac supports this conclusion. The video shows three deputies coming through a door and opening the cell. [*Id.*] As Roberts exits his cell, the video portrays Roberts raising his arm towards a deputy before walking down the hall. [*Id.*] Then, as Roberts is being followed down the hall by deputies, Morvac reaches for Roberts Roberts tries to pull or push away. [*Id.* at 11.] Morvac proceeds to push Roberts towards the wall and three deputies take Roberts to the ground to restrain him as he tries to resist. [*Id.*] A deputy then pulls out an assistive device from his toolbelt and moves it towards Roberts. [*Id.*] After the deputies had Roberts restrained, they raised him to his feet and took him through a door. [*Id.*] Judge Ingram found Morvac's role in the video as the deputy who pushed Roberts and took him to the ground with the other deputies to restrain him. [*Id.*]

This video evidence shows that Morvac's use of force was reasonable, in light of

Morvac's probable cause to believe that Roberts was a threat to the deputies and inmate safety at that particular time. In the rapid time that these events occurred, Morvac responded to Roberts' conduct of physical threat when he was pushed by Roberts and then again when Roberts resisted restraint. [*Id*. at 12.] Because the reasonableness standard seeks to balance the costs to the individual against the government's interest in using force to neutralize threats to the safety of officers or others, "a primary consideration in the inquiry is whether the law enforcement officer had a legitimate government interest, i.e. justification, to exert force." *Morrison*, 583 F.3d at 401. Here, a reasonable officer would agree that Morvac's decision to take down Roberts was objectively reasonable once Roberts became physical and was a possible threat to safety. [R. 84 at 12.] Therefore, the takedown of Roberts was not excessive and it did not violate "clearly established law." *Id*.; *See Burgess*, 735 F.3d at 474.

Roberts alleges that he has permanent nerve damage to his neck and shoulder due to Morvac's takedown and the force used. [R.79.] However, Roberts only states these injuries in his unsworn statements in his responses and does not offer any medical proof or evidence of such injuries. [R. 84 at 13.] The Court cannot merely rely on his unsupported allegations and must conclude that Roberts failed to allege injury as a result of the altercation. Therefore, he does not present to the Court that a genuine issue of fact exists as to the injuries he sustained during the altercation.

A summary judgment motion "requires the nonmoving party to go beyond the pleadings." *Celotex*, 477 U.S. at 324; *see also Leary v. Livingston Cty.*, 528 F.3d 438, 444 (6th Cir. 2008) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a

genuine issue for trial"); *Chappell v. City of Cleveland*, 585 F.3d 901, 912 (6th Cir. 2009) (finding no genuine issue of material fact when the plaintiff failed to refute detectives' account of the circumstances they confronted). Plaintiff Roberts has failed to offer evidence outside of the four corners of his own pleading to create a genuine issue of material fact regarding Defendant Morvac's alleged use of excessive force. Because Roberts cannot demonstrate that Morvac violated a constitutional right, qualified immunity shields Morvac from suit, and simultaneously summary judgment is appropriate. *Chappell*, 585 F.3d at 916.

### III

After reviewing *de novo* the entire record, as well as the relevant case law and statutory authority, the Court agrees with Judge Ingram's thorough analysis of Mr. Roberts' claims. Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Plaintiff Dennis Shawn Roberts' Objections to the Recommended Disposition [**R. 86**] are **OVERRULED**;

2. The Magistrate Judge's Recommended Disposition [**R. 84**] is **ADOPTED** as and for the Opinion of this Court; and

3. The Defendant's Motion for Summary Judgment [**R. 64**] is **GRANTED**;

This the 24th day of January, 2020.

Gregory F. Van Tatenhove
United States District Judge